[No. A125834. First Dist., Div. Five. Feb. 23, 2010.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v.
THE SUPERIOR COURT OF SAN FRANCISCO COUNTY, Respondent;
ONVOI BUSINESS SOLUTIONS, INC., Real Party in Interest.

COUNSEL

Sheppard Mullin Richter & Hampton, Gregory A. Long, Sascha Henry, Theresa W. Bangert and Paul L. Seeley for Petitioner.

No appearance for Respondent.

Roxborough, Pomerance, Nye & Adreani, Drew E. Pomerance, David R. Ginsburg; Carlson, Calladine & Peterson, Donald W. Carlson and William J. Hapiuk for Real Party in Interest.

OPINION

**NEEDHAM, J.**—Petitioner State Compensation Insurance Fund (the Fund) sued real party in interest, Onvoi Business Solutions, Inc. (Onvoi), in superior court to collect unpaid premiums the Fund claimed were owed for workers' compensation insurance policies issued to Onvoi. The Fund's original complaint included a cause of action for fraud. Asserting that the three-year

limitations period in Code of Civil Procedure section 338, subdivision (d) barred the fraud claim, Onvoi moved for summary adjudication of that cause of action. The Fund later filed a first amended complaint (FAC) that included expanded fraud allegations. The FAC alleged Onvoi was engaged in an ongoing conspiracy to defraud the Fund by concealing information that the Fund needed to calculate the correct premium. Onvoi did not file an amended motion in response to the FAC, and it did not renotice its original motion. In opposing Onvoi's motion, the Fund argued it had been mooted by the FAC.

The superior court granted Onvoi's motion, ruling that there was undisputed evidence that the Fund was on notice of the alleged fraud more than three years prior to the filing of this action. The Fund contends the superior court erred by granting a motion for summary adjudication directed to a superseded pleading, and it seeks a peremptory writ of mandate compelling the superior court to set aside its order. We agree with the Fund and will therefore order issuance of the writ of mandate.

FACTUAL AND PROCEDURAL BACKGROUND

The Fund is the state's largest workers' compensation insurance carrier and is organized as a public enterprise fund subject to the jurisdiction and control of the state Insurance Commissioner. (*Notrica v. State Comp. Ins. Fund* (1999) 70 Cal.App.4th 911, 918 [83 Cal.Rptr.2d 89]; see Ins. Code, § 11770 et seq.) Onvoi is a professional employer organization (PEO) that provides employee leasing and temporary staffing services to other businesses.

Onvoi purchased workers' compensation insurance policies from the Fund covering the period June 1, 2002, through June 1, 2004. The policy form required Onvoi to notify the Fund in writing of the names of all clients prior to assigning persons to work for that client, and it provided that the Fund's right to examine and audit all of Onvoi's records also extended to the records of any of Onvoi's clients. The Fund does not offer coverage to "multi-tiered PEO's," that is, PEO's that have other PEO's as clients. This arrangement is referred to as "piggybacking" in the PEO industry.

During policy renewal in June 2003, the Fund's underwriter asked Onvoi whether Onvoi had any other temporary staffing agencies or PEO's as clients. Onvoi's broker responded "no" to both questions. The Fund informed Onvoi on November 18, 2003, that it would cancel Onvoi's policies because the Fund believed Onvoi had "materially misrepresented" its relationship with a temporary staffing agency called Select Personnel Services, Inc. (Select). The policies were cancelled effective December 26, 2003.

As required by governing regulations, the Fund conducted audits of Onvoi's 2002 and 2003 policies, and these audits began in September 2003 and November 2004, respectively. In March 2006, the Fund informed Onvoi that its failure to provide complete information meant that projections had to be made in the audit, and the Fund later sent estimated premium invoices to Onvoi reflecting more than $7.5 million in estimated premiums due.

The Fund sued Onvoi on December 21, 2007. Its complaint sought recovery of the unpaid premiums and included a cause of action for fraud. The fraud claim alleged misreporting of payroll and improper job classification by Onvoi, but it made no allegations regarding Select or piggybacking. Onvoi answered the complaint on May 15, 2008, denying the allegations and asserting the statute of limitations as a defense. Onvoi filed a motion for summary adjudication on February 27, 2009, on the ground that the fraud claim was barred by the three-year statute of limitations of Code of Civil Procedure section 338, subdivision (d). It argued the Fund was on notice of the alleged fraud no later than November 2003, more than three years prior to filing the action.

On May 20, 2009, the Fund filed the FAC. The FAC added Select as a defendant and contained a number of additional allegations regarding Select's participation with Onvoi in a conspiracy to defraud the Fund. The Fund alleged that the actions furthering the conspiracy continued during the audit, in that Onvoi failed to accurately identify its clients and Onvoi and Select concealed their relationship. The FAC alleges that Onvoi's efforts at concealment continue even in this litigation. Onvoi did not file an amended motion in response to the new allegations, nor did it renotice its earlier motion. The Fund filed a further opposition on June 9, 2009, in which it argued that Onvoi's motion had been rendered moot by the filing of the FAC.

Respondent superior court heard Onvoi's motion for summary adjudication on June 23, 2009. Respondent agreed with Onvoi that the Fund's fraud claim was time-barred. It "rule[d] upon the statute of limitations defense as to the [FAC] as the same facts and dates for the fraud are alleged in both the original and amended complaints." It held that the November 18, 2003 letter cancelling Onvoi's policy constituted "undisputed evidence that plaintiff was on notice and a 'reasonable person' would have known to investigate further." Two days after the superior court announced its ruling, Onvoi filed its answer to the Fund's FAC.

The Fund initially filed a petition for writ of mandate in this court on July 13, 2009, but we denied it as premature. After receiving respondent's final order on the motion for summary adjudication, the Fund filed a new petition on August 21, 2009, to which Onvoi filed a preliminary opposition. On September 10, 2009, we filed an order issuing an alternative writ of mandate. On September 29, 2009, counsel informed us that respondent had declined to comply with the alternative writ and had elected instead to show cause. Onvoi then filed a return to the alternative writ, and the Fund filed a reply.

## DISCUSSION

The Fund raises a number of arguments in its petition, only one of which we need address here. It contends respondent erred in summarily adjudicating the Fund's fraud cause of action, because the filing of the FAC mooted Onvoi's motion for summary adjudication, which related to the Fund's original complaint. In the Fund's view, its amended pleading changed the scope of the issues in the litigation, and it argues that it presented sufficient evidence to raise triable issues of material fact on the question of when the statute of limitations began to run on the fraud claim.

I.  *The Fund Has Not Waived Its Procedural Argument*

Before we may address the Fund's contentions, we must first dispose of Onvoi's claim that the Fund waived the procedural argument it presents in its petition. Onvoi contends that the Fund waived the argument that the FAC mooted Onvoi's motion for summary adjudication by (1) failing to object to the claimed defect below and (2) opposing Onvoi's motion on the merits. Onvoi's contention is both factually and legally flawed. As a factual matter, the Fund *did* object to consideration of Onvoi's motion for summary adjudication, and it did so on the very grounds it asserts here. In its further opposition to Onvoi's motion for summary adjudication, the Fund argued that a ruling on Onvoi's motion "would be void because it would be based on an inoperative complaint superseded by the FAC." Indeed, in support of its argument, the Fund cited a number of the cases identified in our alternative writ, including *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875 [92 Cal.Rptr. 162, 479 P.2d 362], *Hejmadi v. AMFAC, Inc.* (1988) 202 Cal.App.3d 525 [249 Cal.Rptr. 5] (*Hejmadi*), and *Perry v. Atkinson* (1987) 195 Cal.App.3d 14 [240 Cal.Rptr. 402]. Moreover, the law is clear that "[p]arties do *not* waive error by 'acquiescence' when they object to trial court error and then take 'defensive' action to lessen the impact." (Eisenberg et al., Cal. Practice

Guide: Civil Appeals and Writs (The Rutter Group 2009) ¶ 8:263, p. 8-167 (rev. # 1, 2009); see also *Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 212–213 [285 Cal.Rptr. 99, 814 P.2d 1341].) Here, the Fund raised its procedural objection but took the prudent course of also responding to Onvoi's arguments on the merits. Such a defensive action does not amount to waiver or invited error. (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 399, p. 456 [no waiver where appellant makes unsuccessful objection to procedural error and then meets case on the merits].)

■ Onvoi's "theory of trial" argument fails for similar reasons. The doctrine of theory of trial is related to the doctrines of waiver and invited error. (*County of Los Angeles v. Southern Cal. Edison Co.* (2003) 112 Cal.App.4th 1108, 1118 [5 Cal.Rptr.3d 575].) It holds that "[w]here the parties try the case on the assumption that a cause of action is stated, that certain issues are raised by the pleadings, that a particular issue is controlling, or that other steps affecting the course of the trial are correct, neither party can change this theory for purposes of review on appeal." (9 Witkin, Cal. Procedure, *supra*, Appeal, § 407, p. 466.) The doctrine might apply here if the Fund had failed to make any procedural objection below. (See *Jones v. Dutra Construction Co.* (1997) 57 Cal.App.4th 871, 876 [67 Cal.Rptr.2d 411] [party waived claimed defect in answer by failing to object to defect below and responding to summary judgment motion on merits].) As noted above, however, the Fund did object. There is no waiver where "the party alleging error ha[s] strenuously made his objection and then acted defensively to lessen the impact of the error." (*Electronic Equipment Express, Inc. v. Donald H. Seiler & Co.* (1981) 122 Cal.App.3d 834, 857 [176 Cal.Rptr. 239].)

## II. *The Filing of the FAC Rendered Onvoi's Motion for Summary Adjudication Moot*

■ " 'It is well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading.' " (*Foreman & Clark Corp. v. Fallon, supra*, 3 Cal.3d at p. 884, quoting *Meyer v. State Board of Equalization* (1954) 42 Cal.2d 376, 384 [267 P.2d 257].) Thus, an amended complaint supersedes all prior complaints. (*Grell v. Laci Le Beau Corp.* (1999) 73 Cal.App.4th 1300, 1307 [87 Cal.Rptr.2d 358]; *Lee v. Bank of America* (1994) 27 Cal.App.4th 197, 215 [32 Cal.Rptr.2d 388]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2009)

¶ 6:704, p. 6-177 (rev. # 1, 2008).) The amended complaint furnishes the sole basis for the cause of action, and the original complaint ceases to have any effect either as a pleading or as a basis for judgment. (*Anmaco, Inc. v. Bohlken* (1993) 13 Cal.App.4th 891, 901 [16 Cal.Rptr.2d 675].)

■    Because there is but one complaint in a civil action (*Ford v. Superior Court* (1973) 34 Cal.App.3d 338, 343 [109 Cal.Rptr. 844]), the filing of an amended complaint moots a motion directed to a prior complaint. (See *Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.* (2004) 122 Cal.App.4th 1049, 1054 [18 Cal.Rptr.3d 882] [filing of first amended complaint rendered moot demurrer to original complaint].) Thus, once an amended complaint is filed, it is error to grant summary adjudication on a cause of action contained in a previous complaint. (*Perry v. Atkinson, supra,* 195 Cal.App.3d at pp. 17–18.) As our colleagues in Division Two have explained, "a court granting plaintiff leave to amend a cause of action should not at the same time attempt to summarily adjudicate material issues which underlie that same cause of action. After a cause of action is amended, the court may rule in favor of the defendant if, *upon subsequent motion, or perhaps renewal of the earlier motion if appropriately framed,* it is shown . . . there are no triable material issues of fact which would permit recovery on that theory." (*Hejmadi, supra,* 202 Cal.App.3d at p. 536, italics added.) Code of Civil Procedure section 437c, subdivision (f), thus contemplates a "two-step process—first weighing the sufficiency of the causes of action stated, and then if necessary, determining whether there are triable issues underlying those causes." (*Hejmadi,* at p. 536.) Although Onvoi seeks to distinguish the foregoing cases on their facts, it does not challenge the general principles for which they stand. These cases compel the conclusion that the Fund's filing of an amended complaint rendered Onvoi's motion for summary adjudication moot.

III.   *The FAC Raised New Issues of Fact Regarding When the Statute of Limitations Began to Run on the Fund's Fraud Claim*

Onvoi suggests that the foregoing analysis exalts form over substance. It contends that even if there was a "procedural irregularity" in granting its motion for summary adjudication, issuing the peremptory writ would be a waste of time and money since Onvoi's motion should be granted irrespective of which complaint serves as the operative pleading. This is so, Onvoi asserts, because the Fund's FAC did not change the allegedly undisputed fact that the Fund had notice of Onvoi's claimed fraud in November 2003. In effect, Onvoi contends that the FAC raised no new factual issues with respect to its statute of limitations defense.

On a motion for summary judgment or summary adjudication, the pleadings delimit the scope of the issues, and the function of affidavits, declarations, or other supporting evidence is to disclose whether there is any triable issue of fact within the issues delimited by the pleadings. (*FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, 381 [282 Cal.Rptr. 508]; *Hejmadi, supra,* 202 Cal.App.3d at p. 536.) We therefore look to the pleadings to determine the scope of the issues and then examine whether the Fund has presented sufficient evidence to raise triable issues of fact within those issues.

Here, the Fund contends the FAC raises a number of issues relating to whether the statute of limitations has begun to run on its fraud claim. First, the Fund asserts that Onvoi and others engaged in a continuing conspiracy to defraud the Fund while the policies were in place, during the audits, and even during discovery in this litigation. Because the statute of limitations would not begin to run until cessation of the wrongful acts committed in furtherance of the conspiracy (*Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773, 786 [157 Cal.Rptr. 392, 598 P.2d 45]), and those wrongful acts have continued into this litigation, the Fund argues the statute of limitations has not yet begun to run on its fraud claim. Second, the Fund contends Onvoi is estopped from asserting the limitations defense because it fraudulently concealed from the Fund facts upon which the fraud cause of action depends. (See *Bernson v. Browning-Ferris Industries* (1994) 7 Cal.4th 926, 931 [30 Cal.Rptr.2d 440, 873 P.2d 613].) Third, the Fund contends that respondent erred in concluding that the November 18, 2003 cancellation letter was "undisputed evidence" that the Fund was on notice of the alleged fraud and would have known to investigate further. (*Sylve v. Riley* (1993) 15 Cal.App.4th 23, 26 [18 Cal.Rptr.2d 608].)

■ Onvoi's attempts to counter the Fund's arguments are unpersuasive. By moving for summary adjudication, Onvoi contended that the Fund's fraud "cause of action ha[d] no merit" because "there [was] a complete defense to that cause of action . . . ." (Code Civ. Proc., § 437c, subds. (f)(1), (p)(2).) To meet its initial burden as movant, Onvoi had " 'to show that undisputed facts support *each element* of the affirmative defense' [citations]." (*Anderson v. Metalclad Insulation Corp.* (1999) 72 Cal.App.4th 284, 289 [85 Cal.Rptr.2d 331], original italics.) Resolution of statute of limitations issues is ordinarily a question of fact, and Onvoi could prevail on its motion only if " 'the uncontradicted facts established through discovery are susceptible of only one legitimate inference . . . .' " (*Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 487 [59 Cal.Rptr.2d 20, 926 P.2d 1114], quoting *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1112 [245 Cal.Rptr. 658, 751 P.2d 923].)

We conclude that Onvoi cannot meet this standard, because its limitations argument is based upon factual assumptions that are not uncontradicted on the record before us. Onvoi asserts that the Fund's allegations of a conspiracy to defraud do not defeat Onvoi's limitations defense because "any supposed 'conspiracy' ended when [the] Fund cancelled Onvoi's policy in December 2003." It further asserts that the last allegedly fraudulent act was Onvoi's undisclosed relationship with Select, a relationship of which the Fund was fully aware by November 18, 2003. Because the relationship was known by that date, Onvoi contends any subsequent acts could not have furthered the conspiracy. In Onvoi's view, the primary object of the alleged conspiracy was to hide Onvoi's relationship with Select to avoid paying the appropriate premium.

Onvoi is incorrect. First, as the Fund points out, if the primary purpose of the conspiracy was to hide Onvoi's relationship with Select and avoid paying the corresponding premium, then the conspiracy arguably would not terminate until Onvoi received the bills from the Fund fixing the final premium. The Fund's policies provided that Onvoi's final premium would not be calculated until after the policy ended, and the calculation of the premium would be based upon information developed during the Fund's audit of Onvoi's records. The final bill for the 2003 policy period was not sent until July 17, 2006. Thus, even if one accepts Onvoi's interpretation of the object of the conspiracy, one could not say as a matter of law that the conspiracy terminated when the Fund notified Onvoi that it would cancel the policies.

Second, reduced to its essence, Onvoi's argument depends upon how one defines the nature and scope of the conspiracy in this case. But whether Onvoi and Select "conspired together for any purpose, and if so, what that purpose was, [are] questions of fact." (*Wells v. Lloyd IV* (1936) 6 Cal.2d 70, 83 [56 P.2d 517]; see also *Anderson v. Thacher* (1946) 76 Cal.App.2d 50, 74 [172 P.2d 533].) The Fund's theory of the case is that Onvoi and others knowingly submitted false information to the Fund for the purpose of inducing the Fund to believe that the premium owed was less than it was. It also alleges that Onvoi's misrepresentations and concealment of the attempted fraud continued subsequent to cancellation of the policy, throughout the audit process, and into this litigation. The FAC further alleges that the last overt act in furtherance of the conspiracy has not yet occurred because Onvoi and others continue to submit claims to the Fund under the policies. The new allegations in the FAC changed the scope of the issues for purposes of summary adjudication.

Moreover, the Fund's further opposition to Onvoi's motion did not rely solely on the allegations of the FAC. In the court below, the Fund presented evidence of the following facts in support of the allegations in the FAC: The

Fund's policies contemplated that the Fund would calculate Onvoi's final premium after the policy ended, using information obtained from the audit of Onvoi's records. Onvoi remained under a legal obligation to keep the records needed to compute the premium and to provide those records to the Fund upon request. After cancellation and during the audit process, Onvoi continued to deny to the Fund that Select was Onvoi's client. Onvoi delayed giving the Fund information necessary to complete the audit, and the information Onvoi did provide was incomplete. Unbeknownst to the Fund, Select was preparing data for Onvoi to give to the Fund as part of the audit. Onvoi then provided this data to the Fund without explaining that some or all of it had come from Select. During the 2003 policy audit, Onvoi represented that certain companies were its own clients, when those companies were in fact Select's clients. Still later, during this litigation, the Fund propounded an interrogatory to Onvoi asking Onvoi to identify all of its clients from June 1, 2002, through December 26, 2003. Onvoi's April 22, 2009 response to that interrogatory still did not identify Select as one of its clients. As of June 2009, claims under the Onvoi policies remained open.

█ The FAC thus alleges a cause of action for fraud in which Onvoi and Select, and perhaps others, conspired to conceal Onvoi and Select's relationship to avoid paying the proper premium for Onvoi's policies. The conspiracy continued long after Onvoi was notified that its policies would be cancelled. This is a markedly different conception of the nature and scope of the alleged conspiracy, and in light of the evidence the Fund produced below, we do not believe this issue is one that may be resolved as a matter of law on this record. (*Livett v. F. C. Financial Associates* (1981) 124 Cal.App.3d 413, 420–421 [177 Cal.Rptr. 411].) In sum, this is not a case in which the facts are susceptible of only one legitimate inference.[1] (See *Romano v. Rockwell Internat., Inc., supra*, 14 Cal.4th at p. 487.)

### DISPOSITION

The petition for writ of mandate is granted. Let a peremptory writ of mandate issue commanding respondent superior court to vacate its order of August 6, 2009, granting real party in interest's motion for summary adjudication with respect to the sixth cause of action in petitioner's first amended complaint and to enter a new and different order denying that motion. The alternative writ, having served its purpose, is discharged. To prevent any

---

[1] In so holding, we express no view as to the factual merit of the parties' respective positions regarding Onvoi's limitations defense. We hold only that, in the circumstances before us, this defense was not properly resolved by summary adjudication.

further delay in the proceedings below, this decision shall be final 10 calendar days after the date on which this opinion is filed. (Cal. Rules of Court, rule 8.490(b)(3).) The previously issued stay shall dissolve upon issuance of the remittitur. Petitioner is entitled to recover its costs in this writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

Simons, Acting P. J., and Bruiniers, J., concurred.