Filed 5/6/14  Sunshine West Body Shop v. Lukic CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| SUNSHINE WEST BODY SHOP, INC., | B248781 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC115191) |
| v. | |
| MILENKO LUKIC et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Norman P. Tarle, Judge.  Affirmed.

Law Offices of John J. Jackman, John J. Jackman; David M. Shaby & Associates and Timothy R. Vrastil, for Plaintiff and Appellant.

Law Offices of Harold J. Light, Harold J. Light and Bruce A. Gilbert for Defendants and Respondents.

_____

Sunshine West Body Shop, Inc. appeals from summary judgment for its former commercial landlord, Milenko and Mirjana Lukic (the landlord). Because Sunshine West tries for the first time on appeal to create triable issues of fact from matters that it did not discuss in its opposition to the landlord's motion for summary judgment, we affirm.

## FACTS AND PROCEEDINGS

Landlord owns the buildings at 1653 and 1665 11th Street in Santa Monica. In May 2006, Tom Holmes and his business, Holmes Body Shop, Inc. – who are not parties to this appeal – entered into a five-year lease for the properties. In 2007, the landlord consented to a sublease of both properties to appellant, an enterprise related to, but separate from, the Holmes entities.

The five-year lease contained an option to renew for five years. Unless renewed, the lease would expire on April 30, 2011. Appellant contends it timely exercised the option to renew in January 2011. Claiming, however, that appellant's attempted renewal was ineffective, the landlord entered into a new lease with a new tenant (Santa Monica Body Craft Center, LLC) to go into effect on May 1, 2011, upon expiration of the lease's original five-year term. Based on the landlord's refusal to renew appellant's sublease, appellant vacated the premises upon the new tenant's arrival and removed its auto body shop business equipment over several days in late April and early May 2011.

In December 2011, appellant filed a complaint against the landlord. The complaint alleged causes of action for breach of contract, wrongful eviction, and breach of the covenant of quiet enjoyment. The complaint alleged appellant's damages exceeded $500,000 from its loss of its body shop business due to its wrongful ejection from the properties.

The landlord moved for summary judgment or adjudication. Its motion urged multiple grounds for summary judgment, among them an exculpatory provision in the lease (which the sublease incorporated) that barred interruption-of-business damages sought by appellant. Paragraph 8.8 of the lease, which appellant had attached as an exhibit to its complaint, stated:

2

"Exemption of Lessor and its Agents from Liability. Notwithstanding the negligence or breach of this Lease by Lessor or its agents, neither Lessor nor its agents shall be liable under any circumstances for: (i) injury or damage to the person or goods, wares, merchandise or other property of Lessee . . . or (iii) injury to Lessee's business or for any loss of income or profit therefrom. Instead, it is intended that Lessee's sole recourse in the event of such damages or injury be to file a claim on the insurance policy(ies) that Lessee is required to maintain pursuant to the provisions of paragraph 8."

Appellant opposed the landlord's motion. The opposition did not, however, address paragraph 8.8. Instead, the opposition rested on the landlord's consent to appellant's subleasing the properties, and appellant's claim that it had properly exercised the option to renew the lease. Quoting paragraph 8.8, the court noted that appellant's "complaint clearly seeks damages for disruption of business. . . . No other damages are sought." The court concluded that "[p]aragraph 8.8 of the lease precludes [appellant] from recovering the type of damages sought in this case." The court therefore entered judgment for the landlord. This appeal followed.

## STANDARD OF REVIEW

" 'A trial court properly grants a motion for summary judgment only if no issues of triable fact appear and the moving party is entitled to judgment as a matter of law. [Citations.] The moving party bears the burden of showing the court that the plaintiff "has not established, and cannot reasonably expect to establish, a prima facie case . . . ." [Citation.]' [Citation.] '[O]nce a moving defendant has "shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established," the burden shifts to the plaintiff to show the existence of a triable issue; to meet that burden, the plaintiff "may not rely upon the mere allegations or denials of its pleadings . . . but, instead, shall set forth the specific facts showing that a triable issue of material fact

3

exists as to that cause of action. . . .” [Citations.]’ [Citation.]” (*Lyle v. Warner Brothers Television Productions* (2006) 38 Cal.4th 264, 274.)

## DISCUSSION

1.      *Cannot Create Triable Issues From Facts Not Raised in the Trial Court*

The landlord’s motion for summary judgment asserted that one ground for summary judgment was the lease’s exculpatory clause, paragraph 8.8. The table of contents of the landlord’s memorandum of points and authorities in support of its motion for summary judgment contained a heading stating “Paragraph 8.8 . . . Exempts Defendants From Liability For Damages Related to Plaintiff’s Business.” The section of the memorandum under that heading cited *Fritelli, Inc. v. 350 North Canon Drove, LP* (2011) 202 Cal.App.4th 35, which upheld the enforceability of the wording contained in paragraph 8.8 in a commercial lease (apparently paragraph 8.8 is an industry standard in commercial leases). The landlord’s memorandum of points and authorities argued appellant’s “damage claims fall within the scope of paragraph 8.8 . . . . Accordingly, even if [appellant] could get over all of the other hurdles to maintaining [its] claims, because the damages sought are contractually not recoverable, the causes of action alleged by [appellant] in the Complaint must fall.” Despite the landlord’s argument relying on paragraph 8.8, appellant’s opposition to summary judgment did not acknowledge the exculpatory clause’s existence, let alone discuss it.

Having ignored paragraph 8.8 in the trial court, appellant argues for the first time on appeal that the paragraph does not apply to its complaint because the landlord’s refusal to permit appellant to renew the lease was intentionally wrongful.[1] Quoting Civil Code section 1668, appellant contends an exculpatory clause such as paragraph 8.8 does not apply to a contractual provision which has for its “object . . . to exempt anyone from

---

[1]      According to appellant, the landlord’s injurious acts toward appellant that vitiated paragraph 8.8’s application were, broadly speaking, leasing the property to another tenant after refusing to accept appellant’s renewal of the lease, thereby breaching the lease and its covenant of quiet enjoyment.

responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." (Civ. Code, § 1668.)

The landlord's most egregious act triggering section 1668 was, according to appellant, changing the locks after the new tenant moved in but before appellant had removed all of its business equipment. But appellant's opposition *in the trial court* to summary judgment did not discuss evidence about changing the locks. Appellant cannot on appeal create triable issues from facts that it did not bring to the trial court's attention. (*Christina C. v. County of Orange* (2013) 220 Cal.App.4th 1371, 1383 [party may not seek reversal of summary judgment by raising for the first time on appeal an argument not raised in the trial court]; *North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 29.) Appellant limited its opposition to summary judgment to arguing it had properly renewed the sublease that the landlord had permitted appellant to undertake, and that it had suffered $600,000 in damages from being forced to move from the property. The headings of the sections of its opposition were, in their entirety, the following:

● "Prior Consent to Sublease Doesn't Defeat Plaintiff's Claim";

● "Plaintiff Obtained Consent of Landlord to Exercise Options";

● "Language Used to Exercise Option was Sufficient to Put Landlord on Notice of Acceptance of Option";

● "Last Month's Rent Had Been Deposited with Lukic"; and

● "Defendants Provide No Facts to Support Contention That Plaintiff was Not Damaged."

But in addition to not arguing in the trial court the matter of changing the locks, the record does not support appellant. The declarations of appellant's CEO, Hamid Baher, and appellant's employee, Luis Ortiz, established that appellant began removing its equipment when appellant concluded the landlord would not renew appellant's lease, and that appellant gave its keys to the new tenant the morning after the new lease took

5

effect. Appellant's CEO Baher declared: "I continued to attempt to retain possession of the 1665 Property, and continued doing business at that location until approximately April 27, 2011 at which time I saw it was inevitable that I wasn't going to be able to maintain possession. [¶] . . . [¶] Knowing that I was not going to be able to stay at the 1665 Property, I negotiated a settlement with [the arriving new tenant] for the transfer of the spray paint booths and other items in an effort to mitigate my damages. [¶] I was responsible for making the decisions regarding what was to be moved from the 1665 Property and where it should be moved. To that end, I brought employees from both my Inglewood and Los Angeles locations to assist with moving equipment, work in progress, documents and supplies to my other locations. [¶] I commenced moving the portions of the business that I could on approximately April 27, 2011. I was not able to move all the work in progress nor some of the equipment out by April 30, 2011. [¶] On Sunday, May 1, 2011, [landlord] Lukic [informed] me that he was at the property and that he had taken possession . . . ." The next day, Ortiz gave the keys to the new tenant, who declared he did not change the locks during the first week of his new tenancy.

In sum, appellant's contention that the trial court erred in granting summary judgment rests on matters that appellant did not discuss below, namely paragraph 8.8 and facts, such as changing locks, that might bar its application. (*North Coast Business Park v. Nielsen Construction Co., supra,* 17 Cal.App.4th at p. 29; *Christina C. v. County of Orange, supra,* 220 Cal.App.4th at p. 1383.) Accordingly, appellant fails to show triable issues of fact existed that made the court's grant of summary judgment error.

2.      *Paragraph 8.8 Not Waived*

Appellant contends the landlord cannot rely on paragraph 8.8 because the landlord did not allege it as an affirmative defense in its answer to appellant's complaint. Appellant's contention is mistaken. A defendant may move for summary judgment based on a defense the defendant did not raise in its answer if the plaintiff opposing summary judgment has notice and an opportunity to respond to the defense. *Jones v. Dutra Construction Co.* (1997) 57 Cal.App.4th 871, 876-877, for example, rejected the claim

6

that a statutory defense not raised in an answer was waived because "the parties litigated the summary judgment motion with no suggestion respondent's reliance upon the [statutory defense] was improper. Appellant obviously had notice of the defense upon which respondent was relying and, by so litigating the merits of the summary judgment motion, waived any right to claim on appeal that the answer was defective." (See also *State Compensation. Ins. Fund v. Superior Court* (2010) 184 Cal.App.4th 1124, 1130 [citing *Jones* for proposition that "party waived claimed defect in answer by failing to object to defect below and responding to summary judgment motion on merits."]; *Nieto v. Blue Shield of California Life & Health Ins. Co.* (2010) 181 Cal.App.4th 60, 75 [defendant may raise unpled affirmative defense in motion for summary judgment if plaintiff receives notice and opportunity to respond].)

Here, appellant received notice and had an opportunity to respond to the landlord's reliance on paragraph 8.8 because the landlord's motion argued the paragraph applied to appellant's damage claims. Despite being put on notice, appellant did not object that the landlord had not alleged paragraph 8.8 as an affirmative defense, and appellant's opposition to the landlord's motion for summary judgment did not argue the defense was unavailable; in fact, as we have noted, appellant's opposition did not address paragraph 8.8 at all. (See *FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, 385 ["we deem plaintiffs' failure to challenge the sufficiency of the pleading of affirmative defenses as a partial waiver of the right to rely upon these defects on appeal"].) Appellant's contention that the court erred in permitting the landlord to rely on paragraph 8.8 thus fails.

7

## DISPOSITION

The judgment is affirmed.  Respondents Milenko and Mirjana Lukics to recover their costs on appeal.

RUBIN, J.

WE CONCUR:


BIGELOW, P. J.


KUSSMAN, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.