Filed 8/7/24  Taylor v. City of Sunnyvale CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| KENT TAYLOR,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>CITY OF SUNNYVALE et al.,<br><br>        Defendants and Respondents. | H051359<br>(Santa Clara County<br>Super. Ct. No. 21CV386613) |

Plaintiff Kent Taylor, representing himself, appeals from a judgment of dismissal after the trial court sustained without leave to amend defendants City of Sunnyvale (City) and Mary Cayori's (Cayori) joint demurrer to his second amended complaint.

On appeal, Taylor argues that the trial court lacked the authority, under the doctrine of issue preclusion, from sustaining the demurrer to his second amended complaint without leave to amend because it had previously sustained those same defendants' demurrer to his first amended complaint *with* leave to amend.  As discussed below, we disagree and will affirm the judgment of dismissal.

# I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

## A. *Original complaint and demurrer*

On September 10, 2021, Taylor filed his original form complaint, listing causes of action for "intentional tort"[2] and "fraud and intentional deceit[,]" naming as defendants City, the Sunnyvale Department of Public Safety (Department), and Does 1 to 10 as defendants.  Taylor did not check the form complaint's boxes indicating that any of the named defendants were public entities.  In the section addressing compliance with "a claims statute," Taylor explained that he "is excused from complying because … the complaint was filed within applicable statute of limitations."

In support of his causes of action, Taylor alleged that, on April 17, 2018, at approximately 10:00 p.m., he was shopping at a grocery store on East El Camino Real in Sunnyvale.  Taylor left the store and returned to the parking lot to place his shopping bags into his vehicle.  He noticed that a Department patrol car had stopped directly in front of his vehicle.  An unnamed officer with the Department[3] informed Taylor she was responding to a call for service made by the store manager.  Taylor asked the officer if he was being detained and she said that he was.  The officer asked Taylor to wait by his vehicle while she spoke with the manager.

---

[1] "We derive our facts from those properly pleaded in the complaint and matters properly judicially noticed.  [Citations.]  We take as true properly pleaded material facts alleged in the pleadings, disregarding contentions, deductions, and conclusions of fact or law.  [Citation.]"  (*County of Santa Clara v. Superior Court* (2023) 87 Cal.App.5th 347, 355, fn. 2.)

[2] All of Taylor's submissions to the trial court and to this court are handwritten and he often uses all capital letters in those documents.  Wherever we quote from Taylor's materials in this opinion, we have modified the formatting and omitted capitalization as necessary.

[3] Taylor identified the officer as Cayori in his subsequent pleadings.

2

Approximately 20 minutes later, the officer returned and told Taylor the store manager and other employees said that Taylor had paid for some items but also placed other unpaid items in his shopping bags before leaving the store. Taylor denied taking any items from the store without paying and told the officer he had a receipt for everything in his bags. Taylor asked the officer to review the store's video surveillance footage to confirm his story. The officer replied that she would look at the footage but did not want Taylor to enter his vehicle until she returned.

Approximately 15 minutes later, the officer returned and told Taylor she had watched the video footage and wanted his permission to search the shopping bags in his vehicle. Taylor refused, but the officer searched his vehicle without his consent. Taylor was detained for approximately two hours.

Taylor attached to his complaint a copy of a letter he received from the Department as Exhibit A. That letter, dated September 13, 2018, summarizes the results of the Department's investigation into three allegations made in Taylor's "formal complaint" which was filed on April 17, 2018. The Department sustained the first allegation, i.e., that Cayori "conducted an unreasonable search of [Taylor]'s vehicle during a theft investigation." As to the second allegation, that Cayori "unnecessarily prolonged" Taylor's detention, the Department's finding was "[e]xonerated" which, according to the letter, means that "[t]he acts did occur but were consistent with Department policies and procedures and/or the law." Taylor's third allegation, that "Cayori was discourteous and disrespectful toward [Taylor] during the detention[,]" was determined to be "[u]nfounded[,]" meaning that "[t]he investigation revealed the allegation was false or not factual or the employee was not involved."

On March 4, 2022, City[4] demurred to Taylor's original complaint on the ground that the complaint failed to state facts sufficient to support the listed causes of action, the complaint was barred by the applicable statute of limitations, and the complaint was barred due to Taylor's failure to comply with the claim presentation requirements of the Government Claims Act.

### B. The first amended complaint and demurrer

On March 28, 2022, Taylor filed his first amended form complaint (FAC), again naming City and the Department, but also adding "P[ublic] S[afety] O[fficer] Cayori" as a named defendant. Taylor again failed to note in the form complaint that any of the defendants were public entities. With respect to his compliance with a claims statute, Taylor again alleged he was excused from complying, writing: "Citing: California Government Code, 950.8. The complaint was filed within applicable statute of limitations, and the cause of action was reasonable [sic] discovered, after the internal affairs investigation." In the FAC, Taylor listed causes of action for "intentional tort" and "negligent misrepresentation."

The factual allegations in the FAC were essentially identical to those in the original complaint. As to Cayori, Taylor alleged, on information and belief, that she is a "public safety [] officer[,]" "the authorized agent of the defendant[] City" and, "at all times herein mentioned, was acting within the course and scope of her agency and authority for the defendant[] City."

In addition, Taylor alleged that, after Cayori searched his vehicle and personal belongings, Cayori did not find any stolen or unlawful items and did not place him under arrest. Taylor also alleged that he "did not reasonably discover his injury" until the conclusion of the internal affairs investigation. As Exhibit 1, Taylor again attached a

---

[4] In its demurrer, City noted that the Department is a department of City, not a separate entity, and consequently was encompassed by City's demurrer.

copy of the September 13, 2018 letter from the Department summarizing the results of that investigation.

On May 20, 2022, City and Cayori filed a joint demurrer to the FAC. In their demurrer, City and Cayori argued that the FAC failed to state facts sufficient to constitute a cause of action, the FAC was untimely and barred by the applicable statutes of limitations, and the FAC was barred by Taylor's failure to comply with the claim filing requirements of the Government Claims Act.

Before the hearing, the trial court issued a tentative ruling sustaining the demurrer, with leave to amend, on the grounds that Taylor had not complied with the Government Claims Act and also that Taylor had failed to allege facts sufficient to state a cause of action for "intentional tort" or negligent misrepresentation against City and Cayori. After neither party appeared to contest the court's tentative decision, the court adopted its tentative ruling and issued the corresponding order on September 1, 2022.

### C. The second amended complaint and demurrer

Taylor filed the operative second amended form complaint (SAC) on September 8, 2022, this time naming only Cayori, City, and Does 1 through 10 as defendants. Taylor again did not identify any defendant as a public entity and, in the claims statutes section of the form complaint, Taylor again stated his compliance was excused based on "Cal. Gov. Code, section 950.8" and because "[t]he complaint was filed within applicable statute of limitations, and the cause of action was reasonable [sic] discovered, after the internal affairs investigation." Taylor relisted a cause of action for "intentional tort" but in place of his previous "negligent misrepresentation" cause of action, he listed "property damage, negligent cause." The remaining factual allegations in the SAC were virtually identical to the allegations in Taylor's FAC, although he added that "[s]ome of the items were loss [sic] or damaged due to the unreasonable search."

5

On October 11, 2022, City and Cayori filed their demurrer to the SAC. Again, the demurrer argued that Taylor failed to allege facts sufficient to state a cause of action, and that the SAC was barred by the statute of limitations and by Taylor's failure to comply with the requirements of the Government Claims Act.

Taylor's opposition[5] argued that the demurrer to his SAC was "barred in it's [*sic*] entirety by res judicata, and collateral estoppel/issue preclusion." In Taylor's view, "the original court gave the defendant's a full and fair opportunity to litigate all issues, at the prior hearing, fact is all the issues were fully litigated. Also, all issues which were presented by defendant's were decided by the court, and a final judgment was rendered in favor of the plaintiff, and no motion for re-consideration, or no appeal is pending in any higher court." (*Sic*.)

Prior to the January 17, 2023 hearing on the demurrer, the trial court issued a tentative decision sustaining the demurrer without leave to amend for failing to comply with the Government Claims Act and for failing to allege sufficient facts to state a cause of action against public entity defendants. None of the parties appeared at the hearing or contested the tentative ruling. Accordingly, the trial court adopted the tentative ruling and issued a written order sustaining the demurrer. The trial court denied Taylor's request for leave to amend, made in his opposition papers, writing, "The court here has already afforded [Taylor] an opportunity to amend and he has not yet been able to state a valid cause of action against Defendants to overcome a pleading challenge on demurrer. Nor does [Taylor] explain how any such amendment will change the legal effect of his pleading. Again, [Taylor] is not relieved of this burden in proving a reasonable

---

[5] City and Cayori note in their briefing, as they did below, that Taylor failed to timely serve them with a copy of his opposition papers. In its order sustaining the demurrer, the trial court acknowledged Taylor's failure to timely serve his opposition but, due to the preference for addressing cases on the merits, elected to consider the papers.

possibility of amendment by virtue of his self-representation status. (See *Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1055–1056 [a litigant appearing in propria persona is not entitled to special treatment].) As a consequence, the court finds no basis for further amendment. [¶] Accordingly, leave to amend is DENIED. (See *Shaeffer v. Califia Farms, LLC* (2020) 44 Cal.App.5th 1125, 1145 ['The onus is on the *plaintiff* to articulate the "specifi[c] ways" to cure the identified defect, and absent such an articulation, a trial or appellate court may grant leave to amend "only if a potentially effective amendment [is] both apparent and consistent with the plaintiff's theory of the case. [Citation.]" '].)"

The trial court entered judgment in favor of City and Cayori on July 24, 2023. Taylor timely appealed.

## II. DISCUSSION

Taylor argues that sustaining City and Cayori's demurrer to his FAC *with* leave to amend meant that "the issues litigated, were necessarily decided, and the decision in the prior proceeding was final. Therefore, the final order … renders the court decision conclusive on those issues." Taylor then states the "issues sought to be precluded are statute of limitations, and leave to amend." While Taylor does not expressly say so in his brief, it appears he is contending that, having been granted leave to amend his FAC, the trial court lacked the power to withhold leave to amend when ruling on the demurrer to his SAC. As we explain below, we disagree.

### A. *Applicable law and standard of review*

The appellant has the burden of overcoming a presumption that the judgment is correct by affirmatively demonstrating prejudicial error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564–566.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th

7

396, 408.)  These rules of appellate procedure apply to plaintiffs even though they elected to represent themselves on appeal.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)  The law affords self-represented litigants " 'the same, but no greater consideration than other litigants and attorneys.  [Citation.]' "  (*Ibid.*)

"When reviewing a ruling on a demurrer, we examine de novo whether the complaint alleges facts sufficient to state a cause of action."  (*Liapes v. Facebook* (2023) 95 Cal.App.5th 910, 919 (*Liapes*), citing *Regents of University of California v. Superior Court* (2013) 220 Cal.App.4th 549, 558 (*Regents*).)  " 'We assume the truth of the properly pleaded factual allegations, [and] facts that reasonably can be inferred from those expressly pleaded.'  [Citation.]  But we do not assume the truth of 'contentions, deductions, or conclusions of law.' "  (*Liapes, supra*, at p. 919, quoting *Stearn v. County of San Bernardino* (2009) 170 Cal.App.4th 434, 440.)

"We liberally construe the complaint 'with a view to substantial justice between the parties,' drawing 'all reasonable inferences in favor of the asserted claims.' "  (*Liapes, supra*, 95 Cal.App.5th at p. 919, quoting *Regents, supra*, 220 Cal.App.4th at p. 558.)  "The plaintiff must demonstrate the court erroneously sustained the demurrer and 'must show the complaint alleges facts sufficient to establish every element of each cause of action.' "  (*Liapes, supra*, at p. 919, quoting *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)  The "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement [of the Government Claims Act] subjects a claim against a public entity to a demurrer for failure to state a cause of action."  (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239 (*Bodde*).)

When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of

discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

### B. The trial court did not err in sustaining the demurrer to SAC

We first examine whether the trial court erred in sustaining City and Cayori's demurrer to Taylor's SAC. Based on the allegations set forth in the pleading, we find no such error since Taylor failed to set forth facts sufficient to state a cause of action for an intentional tort or negligence against the defendants, principally because Taylor did not allege facts demonstrating his compliance with the Government Claims Act or any excuse for noncompliance with those statutes.[6]

The Government Claims Act generally requires that claims for damages against a public entity be presented to the entity before the injured party files a lawsuit to recover those damages. (Gov. Code, § 905.) The purpose of that requirement is " 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.' " (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 738.) Failure to timely present a claim to the

---

[6] At the July 18, 2024 oral argument, Taylor stated that his failure to timely present a claim under the Government Claims Act was due to his physical incapacity resulting from two traffic accidents in which he was involved. Taylor did not raise this argument in the trial court or in his appellate briefs and we consider it forfeited. (See *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1554, fn. 9 ["We do not consider arguments that are raised for the first time at oral argument"].) On July 23, 2024, Taylor filed two documents in this court, one entitled "Application for relief," and the second entitled "Declaration in support of application for relief." Among the exhibits attached to Taylor's "declaration" are copies of police reports documenting vehicle accidents in which Taylor was involved, though it appears he declined medical treatment in both cases. None of these documents were filed in the trial court, with the exception of a motion for reconsideration filed by Taylor on January 26, 2023. Taylor fails to explain why we should consider new evidence on appeal and we decline to do so. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)

public entity in the manner required by statute bars a plaintiff's suit against that entity. (*Bodde*, *supra*, 32 Cal.4th at p. 1240.) Further, the failure to allege facts "demonstrating or excusing compliance with the claim presentation requirement [of the Government Claims Act] subjects a claim against a public entity to a demurrer for failure to state a cause of action." (*Id*. at p. 1239.)

The claim presentation requirement applies to a lawsuit against an employee of a public entity as well, so long as the lawsuit is based on conduct within the course and scope of employment. (Gov. Code, § 950.2.) To state a cause of action for damages against a public employee for acts within the course and scope of their employment, the plaintiff must allege facts in the complaint demonstrating compliance with the claim presentation requirement. (*Bodde, supra*, 32 Cal.4th at p. 1239.) " 'Ordinarily, the determination whether an employee has acted within the scope of employment presents a question of fact; it becomes a question of law, however, when the "facts are undisputed and no conflicting inferences are possible." ' [Citation.]" (*Lisa M. v. Henry Mayo Newhall Memorial Hospital* (1995) 12 Cal.4th 291, 299.)

Here, the SAC named City (a public entity) and Cayori (an employee of a public entity) and sought the recovery of damages based on Cayori's allegedly unlawful detention of Taylor and her allegedly unlawful search and seizure of Taylor's person and property. Taylor expressly alleged[7] that Cayori was, at all relevant times, acting within the course and scope of her employment with City. Accordingly, Taylor was required to present a claim to City prior to filing his lawsuit. As Taylor has not alleged that he did so, or otherwise alleged facts to show that his compliance with the Government Claims

---

[7] Taylor made this allegation in his FAC but did not repeat it in his SAC. Pursuant to the sham pleading doctrine, the court "may disregard amendments that omit harmful allegations in the original complaint or add allegations inconsistent with it. [Citations.]" (*Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1281 (*Falcon*).)

10

Act was excused, his complaint fails to state facts sufficient to support a cause of action against City and Cayori. The trial court did not err in sustaining the demurrer to Taylor's SAC.

### C. Issue preclusion does not apply

On appeal, Taylor appears to argue that, because the trial court sustained the demurrer to his FAC *with* leave to amend, it could not sustain the demurrer to his SAC *without* leave to amend. His brief refers to the doctrine of issue preclusion in support of this argument. We disagree that issue preclusion is applicable under these circumstances.

"[I]ssue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party. [Citations.]" (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 825.) "An adjudication is final for issue preclusion purposes if it is 'free from direct attack … .' [Citations.] An adjudication is not final 'if an appeal is pending or could still be taken.' [Citations.]" (*Contreras-Velazquez v. Family Health Centers of San Diego, Inc.* (2021) 62 Cal.App.5th 88, 103.) " 'An appeal does not lie from an order sustaining a demurrer without leave to amend [citations], from an order sustaining a demurrer with leave to amend [citation], or from an order granting a motion for judgment on the pleadings [citation].' [Citation.] Instead, an ' "order sustaining a demurrer … is generally reviewable on appeal from the final judgment in the action." [Citations.]' [Citation.]" (*Lopez v. Brown* (2013) 217 Cal.App.4th 1114, 1133.)

" ' "It is well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading." ' [Citation.] … The amended complaint furnishes the sole basis for the cause of action, and the original complaint ceases to have any effect either as a pleading or as a basis for judgment. [Citation.]"

11

(*State Compensation Ins. Fund v. Superior Court* (2010) 184 Cal.App.4th 1124, 1130–1131.)

Because the order sustaining the demurrer to Taylor's FAC with leave to amend was not (and could not have been) appealed, that order was not a "final adjudication" of the issue of whether Taylor could amend his pleading to correct its defects. Upon filing the SAC, the FAC had no further effect. City and Cayori's demurrer to the SAC tested the sufficiency of *that* pleading, not the FAC, and the trial court was not precluded from concluding that there was no reasonable possibility that Taylor could further amend his pleading to cure its defects. Accordingly, the doctrine of issue preclusion has no application in this context.

### D. The trial court did not abuse its discretion by not granting leave to amend

For the first time in his reply, Taylor contends that he can amend his SAC to state a cause of action by: 1) not naming City or Department as defendants, and 2) naming Cayori "as a natural person."[8] As discussed below, we conclude that Taylor's proposed amendments, even were we to consider them, would not cure the defects of the SAC.

"A plaintiff against whom a demurrer is sustained is entitled to leave to amend the defective complaint if [they] can 'prov[e] a reasonable possibility that the defect can be cured by amendment.' [Citations.] The onus is on the plaintiff to articulate the 'specifi[c] ways' to cure the identified defect, and absent such an articulation, a trial or

---

[8] In what appears to be an effort to avoid the applicable statute(s) of limitation, Taylor also raises the discovery rule in his reply brief, stating that "ignorance of the existence of an injury or cause of action will or may, delay the running of the statute of limitations until the date of discovery." However, Taylor fails to allege any new facts in his reply brief, even in the section labeled "Proposed amendment of property damage and negligence cause of action," that would support application of the discovery rule. Since his other proposed amendments to the SAC are insufficient, as we explain below, to overcome the requirement that he comply with the Government Claims Act, we need not reach the question of whether his claims are (also) barred by the applicable statute(s) of limitation.

appellate court may grant leave to amend 'only if a potentially effective amendment [is] both apparent and consistent with the plaintiff's theory of the case.' [Citation.]" (*Shaeffer*, *supra*, 44 Cal.App.5th at p. 1145.)

Taylor's proposed amendments were first offered in his reply brief, not his opening brief. Absent a showing of good cause, " ' "the rule is that points raised in the reply brief for the first time will not be considered[.] …" ' [Citation.]" (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.) Taylor offers no explanation for his failure to raise these points in his opening brief and therefore we need not address them.

However, even if we were to consider his proposed amendments, they would still not suffice to state a cause of action against Cayori. As discussed above (*ante*, p. 10), Taylor alleged in the FAC that Cayori was acting within the course and scope of her employment as a public safety officer with City at all relevant times. Pursuant to the sham pleading doctrine, Taylor may not now allege that Cayori was *not* acting in her capacity as a public safety officer when she detained him in the grocery store parking lot and searched his vehicle and possessions. (*Falcon, supra,* 224 Cal.App.4th at p. 1281.) Accordingly, Taylor's complaint against Cayori, a public employee, would still be subject to the Government Claims Act and his new allegations would show neither his compliance with the claims statute nor an excuse for his noncompliance.

Taylor has failed to show a reasonable possibility he can amend his complaint to state a claim against City and Cayori and we see no " 'potentially effective amendment' " that could be made. (*Shaeffer*, *supra*, 44 Cal.App.5th at p. 1145.) As a result, the trial court did not abuse its discretion in sustaining the demurrer to the SAC without leave to amend.

### III.    DISPOSITION

The judgment is affirmed. City and Cayori shall recover their costs on appeal.

13

_____
WILSON, J.

WE CONCUR:



_____
GREENWOOD, P. J.




_____
BAMATTRE-MANOUKIAN, J.




H051359
*Taylor v. Cayori et al.*