**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FOLEX GOLF INDUSTRIES, INC., a California corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> O-TA PRECISION INDUSTRIES CO., LTD., <br><br> Defendant - Appellee. | No. 10-57003 <br><br> D.C. No. 2:09-cv-02248-R-CW <br><br> MEMORANDUM[*] |
| FOLEX GOLF INDUSTRIES, INC., a California corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> O-TA PRECISION INDUSTRIES CO., LTD., <br><br> Defendant - Appellee. | No. 11-55463 <br><br> D.C. No. 2:09-cv-02248-R-CW |

Appeal from the United States District Court
for the Central District of California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Manuel L. Real, District Judge, Presiding

Argued and Submitted June 8, 2012
Pasadena, California

Before: B. FLETCHER and WARDLAW, Circuit Judges, and MENDEZ, District Judge.[**]

Folex Golf Industries, Inc., appeals the district court's grant of summary judgment in favor of O-TA Precision Industries Co., Ltd, as to Folex's Fourth, Sixth, Seventh, and Tenth Causes of Action. Folex also appeals the district court's award of attorneys' fees to O-TA. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand for further proceedings, and vacate the award of attorneys' fees to O-TA.

We review the district court's grant of summary judgment de novo, construing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). The district court erred in concluding as a matter of law that Folex had actual knowledge in 2005 of its claims against O-TA. Although there was some evidence indicating that Folex was aware that commissions were not being paid in 2005, there was other evidence

---

[**] The Honorable John A. Mendez, United States District Judge for the Eastern District of California, sitting by designation.

supporting the conclusion that Folex had no reason to believe that it had legitimate claims against O-TA or Luoyang Ship Material Research Institute ("LSMRI").

LSMRI wrote to Folex on December 31, 2005, representing that it had spun off its titanium alloy casting business and thus would no longer accept orders from O-TA, which, if true, would have been a legitimate basis for failing to pay Folex commissions. Folex also introduced evidence that O-TA's General Manager told two Folex officers on December 12, 2005, that due to various problems, O-TA would no longer purchase goods from LSMRI, and would return to purchasing golf club heads from a previous supplier. If O-TA and LSMRI had truly ceased to do business together, as they allegedly represented to Folex, then Folex would have no contractual right to collect commissions, and thus had no claims for damages against O-TA or LSMRI. Viewing these facts in the light most favorable to Folex and drawing all reasonable inferences in its favor, we conclude that there is a genuine issue of material fact as to whether Folex was on inquiry notice of its Fourth, Sixth, Seventh, and Tenth Causes of Action as of 2005. *See Sylve v. Riley*, 18 Cal. Rptr. 2d 608, 610 (Ct. App. 1993) ("Under the delayed discovery rule, the limitations period does not begin to run until a plaintiff discovers or could have discovered through the exercise of reasonable diligence all facts essential to her cause of action.") (footnote omitted). We therefore reverse the district court's

grant of summary judgment as to these causes of action and remand for further proceedings.[1]  The award of attorneys' fees to O-TA is vacated.

**No. 10-57003: REVERSED and REMANDED.**

**No. 11-55463: VACATED.**

---

[1]The district court dismissed Folex's Fifteenth Cause of Action for an accounting because it concluded that each of Folex's other claims failed.  Because we reverse the district court's grant of summary judgment as to Folex's Fourth, Sixth, Seventh, and Tenth Causes of Action, we also reverse the district court's dismissal of Folex's claim for an accounting.