**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

NOV 02 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FOLEX GOLF INDUSTRIES, INC., a California corporation,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>O-TA PRECISION INDUSTRIES CO., LTD., a Taiwan company,<br><br>        Defendant-Appellee. | No.    15-56905<br><br>D.C. No. 2:09-cv-02248-R-CW<br><br><br>MEMORANDUM* |
| FOLEX GOLF INDUSTRIES, INC., a California corporation,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>O-TA PRECISION INDUSTRIES CO., LTD., a Taiwan company,<br><br>        Defendant-Appellant. | No.    16-55245<br><br>D.C. No. 2:09-cv-02248-R-CW |

Appeal from the United States District Court
for the Central District of California

---

 *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Manuel L. Real, District Judge, Presiding

Argued and Submitted October 6, 2017
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**] District Judge.

Folex Golf Industries, Inc. appeals the district court's grant of summary judgment finding that Folex's claims were barred by the statute of limitations. O-TA Precision Industries Co. cross appeals the district court's denial of its motion for attorney's fees under Cal. Civ. Code § 1717.

1.      We previously addressed the statute of limitations issue in this case and held that "[t]he district court erred in concluding as a matter of law that Folex had actual knowledge in 2005 of its claims against O-TA." *See Folex Golf Indus., Inc. v. O-TA Precision Indus. Co.*, 479 F. App'x 61, 61 (9th Cir. 2012). We concluded that a genuine issue of material fact existed "as to whether Folex was on inquiry notice of its Fourth, Sixth, Seventh, and Tenth Causes of Action as of 2005." *Id.* at 62. This appeal presents the same statute of limitations issue. Under the "law of the case" doctrine, a district court is "precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case,"

---

        [**]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

unless an exception to depart from the law of the case exists. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (citation omitted). Thus, summary judgment cannot be granted on this statute of limitations question unless one of the five exceptions to the law of the case doctrine has been met. *See id.* None of the exceptions apply here. The district court erred in concluding that the August 20, 2006 letter was substantially different from the evidence previously submitted to establish that Folex was on notice of its potential claims against O-TA in 2005. *See id.* at 876-77; *see also Eichman v. Fotomat Corp.*, 880 F.2d 149, 157 (9th Cir. 1989). The district court did not even explain why the substantially different exception applied.

Even assuming the law of the case does not preclude our review, viewing the evidence in the light most favorable to Folex, *see Thomas v. City of Beaverton*, 379 F.3d 802, 807 (9th Cir. 2004), issues of material fact still exist as to whether Folex was on notice of any claims against O-TA in 2005. At most, the letter reveals that Folex was aware that Luoyang Ship Material Research Institute ("LSMRI") was engaged in fraudulent conduct. However, Folex does not indicate in the August 20, 2006 letter that it was aware O-TA was working in concert with LSMRI. Thus, the letter does not resolve any of the factual disputes raised in the prior

proceedings.[1] *See Folex Golf Indus., Inc.*, 479 F. App'x at 61-62. We therefore reverse the district court's grant of summary judgment and remand for further proceedings.[2]

2.      Because we reverse the district court's summary judgment decision, the issue of whether O-TA is entitled to an award of attorney's fees is premature. Therefore, we vacate the district court order regarding attorney's fees without reaching the merits of O-TA's argument.

3.      We grant Folex's motion to reassign this matter to a different district court judge. We are permitted under 28 U.S.C. § 2106 to reassign cases on remand when "unusual circumstances" are present. *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001). This is the third remand in this case; therefore, reassignment is warranted, because the judge may "have substantial difficulty in putting out of his . . . mind previously expressed views or findings determined to be erroneous," making "reassignment . . . advisable to preserve the appearance of justice." *Id.* (quoting *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir. 1986)). Because the case has not progressed significantly

---

[1] O-TA's motion to strike is denied as moot.

[2] Because we conclude that the August 20, 2006 letter did not establish that Folex was on notice of its claims in 2005, we need not address O-TA's alternative arguments regarding Folex's fraud claim.

beyond the preliminary stages, any minimal potential for waste or duplication is outweighed by the need to preserve the appearance of fairness. *Id.* at 1118-19. Therefore, we instruct the Chief Judge for the Central District of California to reassign this case to a different district judge on remand. Each party shall bear its own costs on appeal.

**REVERSED and REMANDED (No. 15-56905); VACATED (No. 15-55245).**